UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PERREIRA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A. DEWOODY, ADDISON REEVES and SAN DIEGO POLICE DEPARTMENT,<br><br>　　　　　　　　　　Defendant. | Case No.:  22-CV-1846-CAB-WVG<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**<br><br>**[Doc. Nos. 1, 2]** |

On November 23, 2022, Plaintiff Eric Perreira filed a complaint against Defendants A. Dewoody, Allison Reeves, and the San Diego Police Department. [Doc. No. 1]. Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2]. For the reasons mentioned below, the IFP is **GRANTED** and the Complaint is **DISMISSED** without prejudice.

### I.　Motion to Proceed IFP

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution, or defense of any suit without payment of fees

if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff represents that he lives with his mother and has no income or assets. The combined funds in his checking accounts are less than $400, and he only receives $253 per month in Supplemental Nutrition Assistance Program ("SNAP") benefits for food costs. Plaintiff's application sufficiently shows that he lacks the financial resources to pay filing fees. Accordingly, Plaintiffs' motion to proceed IFP is **GRANTED**.

## II.     Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)

Upon granting a request to proceed IFP, the Court must additionally analyze the sufficiency of the complaint under 28 U.S.C § 1915. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that each allegation "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In addition to the grounds for *sua sponte* dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff appears to file an action against the San Diego Police Department and two individuals for $2,000,000 on behalf of Samantha Eisenberg and her unborn child. It is unclear what Ms. Eisenberg's relationship is to Plaintiff and she is not listed as a party in the complaint. Additionally, Plaintiff fails to include any details regarding his interactions with each Defendant to put them on fair notice of the wrongs allegedly committed. The facts alleged by Plaintiff are largely incoherent and contradictory, and this complaint does not satisfy the "simple, concise, and direct" requirement of Rule 8.

In addition to failing to state a claim, Plaintiff also fails to plead the basis for the Court's jurisdiction over his claims. Plaintiff does not accuse the Defendants of violating any federal law. The civil cover sheet states there is federal jurisdiction based on diversity under 28 U.S.C. § 1332, which requires the parties in the action to be "citizens of different states" and the amount in controversy to exceed $75,000. However, the record does not properly establish the citizenship of any Defendant to convince the Court that diversity jurisdiction exists. Finally, Plaintiff also fails to identify the location of the events giving rise to this cause of action. It appears the claim may arise out of events that occurred at Plaintiff's home in Las Vegas, Nevada. If this is true, upon Plaintiff amending his

complaint to state a claim in federal court, the U.S. District Court for the District of Nevada would be the most appropriate location to hear that claim.

In sum, the complaint is largely incoherent and fails to state a claim, and even if it did state a claim, the complaint as it stands does not properly establish the Court's jurisdiction over this case. Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. Conclusion

In light of the foregoing, it is hereby **ORDERED** that the application to proceed *in forma pauperis* is **GRANTED** and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff shall have until **January 13, 2022** to file an amended complaint under this case number resolving the issues discussed above. If Plaintiff does not file an amended complaint by **January 13, 2022**, the Clerk of the Court shall dismiss the case without prejudice and terminate the action.

Dated: December 5, 2022

Hon. Cathy Ann Bencivengo
United States District Judge